**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4556**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

STEVEN JOHN HAYES GRANT,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (3:00-cr-00065-nkm-3)

———————————

Submitted: September 24, 2008    Decided: October 16, 2008

———————————

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Larry W. Shelton, Federal Public Defender, Andrea L. Harris, Assistant Federal Public Defender, Charlottesville, Virginia, for Appellant. Julia C. Dudley, Acting United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven John Hayes Grant appeals his sentence of thirty-six months of imprisonment imposed after the district court revoked his supervised release. We affirm.

On appeal, Grant argues that the district court erred by failing to adequately explain its imposition of a sentence that is outside the Guidelines* range. He further contends that his sentence is unnecessary under the circumstances and inconsistent with any reasonable weighing of the court's sentencing considerations. Grant does not contest the district court's decision to revoke his supervised release or the district court's Guidelines calculations. The Government responds that the district court's sentence is not unreasonable.

Because Grant did not object to the district court's failure to articulate the reasons for its sentence, we review for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2005), we held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those [18 U.S.C.A.] § 3553(a) [West 2000 & Supp. 2008] factors applicable to supervised release revocation sentences." We recognized that analysis of a sentence imposed on revocation of supervised release involves both

_____

*U.S. Sentencing Guidelines Manual (2000).

2

procedural and substantive components.  Id. at 438.  A sentencing court must provide a sufficient explanation of the sentence to allow "effective review of [its] reasonableness" on appeal.  United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (probation revocation).  The court need not "robotically tick through § 3553(a)'s every subsection," or "explicitly discuss every § 3353(a) factor on the record."  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Our review of the record in this case leads us to conclude that the district court's reasons supporting its sentencing decision are sufficiently apparent from the record.  We conclude that the sentence is neither procedurally nor substantively unreasonable.  See United States v. Finley, 531 F.3d 288, 297 (4th Cir. 2008).

We therefore affirm Grant's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED